**FIRESTONE TEXTILES COMPANY,**
**Plaintiff,**

v.

**John C. GETREU, Regional Director, and Emil C. Farkas, Acting Regional Director, Ninth Region, National Labor Relations Board, for and on Behalf of National Labor Relations Board, Defendants.**

**No. 1472.**

United States District Court,
W. D. Kentucky,
Bowling Green Division.
April 14, 1971.

Lovett, Kusch & Wible by Wells T. Lovett, Owensboro, Ky., for plaintiff.

Glen M. Bendixsen, Chief of Special Litigation, N. L. R. B., Washington, D. C., C. Emil Farkas, Regional Atty., Cincinnati, Ohio, for defendants.

## MEMORANDUM

SWINFORD, District Judge.

The plaintiff, Firestone Textiles Company, has instituted this action to enjoin the defendant, John C. Getreu, Regional Director of the National Labor Relations Board, and others from carrying out orders of the Board directing a third election to determine whether the plaintiff's employees shall be represented by the United Rubber, Cork, Linoleum and Plastic Workers of America (hereinafter referred to as URW). The plaintiff contends the defendants have denied it constitutional due process and have exceeded the bounds of their delegated powers. The defendants have moved to dismiss the complaint for the reason that the court lacks jurisdiction over the subject matter of the action or in the alternative that the complaint fails to state a claim upon which relief can be granted.

The facts from which the plaintiff has sought to review the orders of the NLRB are as follows. The URW desired to represent the employees of the plaintiff for collective bargaining purposes. A representation election was scheduled for July 23 and 24, 1969. Prior to the date of the election the plaintiff, under the direction of its management launched a campaign against the URW. Buttons, montages and memos extolling the virtues of the management and warning of the potential evils of the Union were distributed to the employees. The URW was conclusively outvoted at the first election. Objections by the Union questioning the validity of the first election were submitted to and upheld by the Regional Director of the NLRB. A second election was ordered. This election was held on March 24, 1970, and again the URW was defeated by a substantial margin. The URW submitted objections to the Regional Director which were again up-

held. Only two of the Union's objections are pertinent to this action:

Objection I

"That the Employer did between the first and second election, call employees individually into its supervisory personnels offices for the purpose of questioning said employees as to their attitudes towards participating in Union activities; threatened employees with reprisals if they voted for said Union; promised benefits to the employees if they refrained from voting for the Union."

and Objection V

"That the Employer did dissiminate, during the course of the campaign, vicious anti-union literature containing falsehoods which has specifically been condemned by Trial Examiner Martin in his report of March 17, 1970, in the case of Firestone Synthetics Fibers Etc. and United Rubber Workers Etc.

* * *"

The Regional Director declared the second election invalid primarily for the reasons that the literature distributed by the management was inherently unfair in that it was designed to frighten the employees away from the Union and that the employer's promise of a summer wage increase was deliberately calculated to affect the employees' vote in the election. The matter of promised summer wage increases was not an express objection by the Union.

The plaintiff appealed the order of the Regional Director to the NLRB. The Board denied the appeal but stated that "we do not adopt the Trial Examiner's finding that respondent violated Section 8(a) (1) by its propaganda through use of letters and a montage concerning strikes * * *" The Board stated, however, that there were additional sufficient reasons and findings to uphold the Order and Direction of the Regional Director. Presumably the additional reasons were related to the Regional Director's finding that wage increases were offered or promised

at a time devised to discourage unionization.

The plaintiff argues that inasmuch as the Board refused to adopt the Trial Examiner's finding relating to letters and propaganda, the Order invalidating the second election must ultimately rest on the finding that the statements made by the plaintiff in regard to summer wage increases were contrived to defeat unionization. If this is in fact the foundation for the Order directing a third election the plaintiff contends that: 1) the defendants exceeded the bounds of their delegated powers by considering matters which were not the subject of a specific Union objection; and that 2) the defendants have denied plaintiff due process of law as the plaintiff has not been provided an opportunity to respond to the Regional Director's finding that summer wage increases were offered at a time which was calculated to defeat unionization.

Without deciding the merits of the plaintiff's contentions it is the judgment of this court that it lacks jurisdiction over the subject matter of the complaint, and that the complaint must, therefore, be dismissed. Such a ruling is clearly in line with the law as it has been declared in this circuit and in other jurisdictions throughout the country.

■ A federal district court may review a decision of the NLRB only if 1) the Board has acted outside of the bounds of its delegated powers; or if 2) the Board's action raises a question of constitutional magnitude. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L. Ed.2d 210 (1958), and Fay v. Douds, 172 F.2d 720 (2 Cir. 1949).

■ There has been no showing that the Board exceeded its statutory authority or violated any statutory mandate of the National Labor Relations Act. In setting aside the election of March 24, 1970, regardless of the reasons stated therefor, the Board was acting within the scope of the powers delegated to it. The Board has wide discretionary powers in supervising and regu-

lating representation elections. The Court of Appeals for the Sixth Circuit stated in NLRB v. Tennessee Packers, Inc., Frosty Morn Division, 379 F.2d 172 (6 Cir. 1967), that Congress has vested the Board with considerable discretion in supervising and regulating representation elections. Moreover, the Court stated that it is not necessary that conduct which interferes with the freedom of choice in an election actually constitute an unfair labor practice. This simply means that the Board has the authority to invalidate an election for reasons which are not specifically proscribed by the Act. See also Dunn v. Retail Clerks International Ass'n AFL–CIO, 307 F.2d 285 (6 Cir. 1962), where the Court stated that the discretionary power given to Regional Directors is not reviewable in the courts.

■ The second ground upon which a district court's power of review may be invoked is if the Board has violated constitutional due process. It is this court's opinion that the Board has not denied the plaintiff constitutional due process. The plaintiff asserts that it was denied fair notice on the crucial issue of alleged summer wage increase enticements. It is true that the Union's objections did not mention with particularity the question of summer wage increases, however the objections did allege that the plaintiff had threatened reprisals for voting for the Union and had promised benefits for voting against the Union. Although this did not expressly put the offered summer wage increase in issue it did at least indicate the nature of the Union's complaint. Furthermore the Regional Director's findings clearly set forth the summer wage increase as one of the principal objections. The plaintiff could have directed the Board's attention to this in its request for review. If viewed in this light the plaintiff did have an opportunity to respond to the question of wage increases.

■ More importantly the Board and the Regional Director have authority to consider matters not specifically object-ed to. In NLRB v. Tennessee Packers, Inc., Frosty Morn Division, supra, the employer contended, among other things, that the election had been set aside because the Regional Director had reconstructed a Union objection in such a way as to give it an entirely different meaning. The Court of Appeals concluded that the Director had authority to consider things not specifically objected to.

"In order to promote an election that is free from coercion, pressure and prejudice, the Regional Director and the Board should have the discretion to consider any facts related to the election, which are uncovered in the course of its investigation. Otherwise the Board would become impotent to carry out the purposes of the Act. * * * Where related facts concerning misconduct are uncovered in the investigation of the objections filed by a party, it is proper for the Director and the Board to set aside an election on these facts." 379 F.2d at 179.

■ Even if the facts of this controversy could be shaped to create a constitutional issue the court feels that it would be improper to consider it at this time because of lack of exhaustion of administrative remedies. The normal procedure for reviewing the invalidation of an election, although somewhat obtuse, is to refuse to bargain upon certification of representation. The questions relating to the election may then be raised in the ensuing unfair labor practice case. This method of indirect review—of waiting until the election is completed and refusing to bargain if the Union is victorious, thereby forcing the Union to initiate a case in which the election can be challenged—was condoned by the Supreme Court in Boire v. Greyhound, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964). The opinion of the court included the following language.

"That this indirect method of obtaining judicial review imposes significant delays upon attempts to challenge the validity of Board orders in certification proceedings is obvious. But it is

**1399**

equally obvious that Congress explicitly intended to impose precisely such delays." 376 U.S. at 477, 84 S.Ct. at 897.

The plaintiff, if the Union is victorious, will have an opportunity to defend its position following the third election.

An order in accordance with this memorandum dismissing the complaint for lack of jurisdiction of the subject matter is this day entered.